IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**PEDRO DANIEL ZEPEDA-EUFRACIO,**   )
                                    )
    **Petitioner,**                 )
                                    )
                                    )  **CIVIL ACTION NO. 1:20-00436**
**v.**                              )
                                    )
**C. MARUKA,**                      )
                                    )
    **Respondent.**                )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Relief Pursuant to 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

## PROCEDURAL HISTORY

On June 25, 2020, Petitioner, acting *pro se*,[1] filed his Petition for Relief Pursuant to 28 U.S.C. § 2241. (Document No. 1.) Specifically, Petitioner complains that he improperly lost good time credit as a result of disciplinary proceedings. (Id.) Petitioner explains that he received an Incident Report on November 9, 2018, charging him with possession of hazardous tools (cell phones) in violation of Code 108 and damaging government property in violation of Code 218.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id.) Petitioner states a disciplinary hearing was conducted and the Disciplinary Hearing Officer ("DHO") found Petitioner guilty of the above offenses resulting in a loss of good time credit. (Id.) Petitioner, however, argues that "he was not provided with the majority of the procedural safeguards outlined in Wolff." (Id.) Petitioner further argues that the "DHO based her decision on insufficient and false statements, which violated the fundamental fairness guaranteed by the Due Process Clause." (Id.) As relief, Petitioner requests that his good time credit be reinstated and "Incident Report No. 3191182 be vacated with instructions to expunge." (Id.)

By Order entered on July 14, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On July 28, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Id., pp. 6 – 10.); and (2) Petitioner received the rights afforded pursuant to Wolff (Id., pp. 10 – 20.) As Exhibits, Respondent attaches the following: (1) The Declaration of Sheryl Sawyer (Document No. 10-1, pp. 2 – 8); (2) A copy of Petitioner's "Inmate History – ADM-REL" (Id., pp. 10 – 11); (3) A copy of Incident Report No. 3191182 (Id., pp. 13 – 14); (4) A copy of the "Advisement of Incident Report Delay" dated November 21, 2018 (Id., p. 16); (5) A copy of Petitioner's "Inmate Rights at Discipline Hearing" (Id., p. 18); (6) A copy of the "Notice of Discipline Hearing Before the DHO" (Id., p. 20); (8) A copy of the "Disciplinary Hearing Officer Report" (Id., pp. 22 - 26); (9) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 28 - 33); and (10) A copy of Petitioner's Inmate History-Quarters (Id., pp. 35 – 36).

By Order and Notice entered on July 29, 2020, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner, however, failed to file a Reply.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Relief Pursuant to 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 2, 2022.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: April 17, 2023.

Omar J. Aboulhosn
United States Magistrate Judge